IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SANWAN TINELLE SUMMERS,          :
AIS 216735,

                                 :

        Petitioner,

                                 :

vs.                                          CA 08-0273-KD-C

                                 :

KENNETH JONES,

                                 :

        Respondent.

## REPORT AND RECOMMENDATION

Sanwan Tinelle Summers, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is challenging the validity of his February 2, 2005 first-degree kidnapping and attempted sexual abuse in the first degree convictions in the Circuit Court of Mobile County, Alabama. On March 1, 2005, Summers was sentenced to a twenty-year term of imprisonment on the kidnapping charge and a concurrent one-year term for attempted sexual abuse in the first degree. Petitioner's convictions and sentences were affirmed on appeal by the Alabama Court of Criminal Appeals on November 18, 2005, *Summers v. State*, 954 So.2d 1143 (Ala.Crim.App.

2005) (table). Petitioner's application for rehearing was overruled on December 9, 2005 and the Alabama Supreme Court denied his application for writ of certiorari on April 14, 2006, *Ex parte Summers*, 976 So.2d 1060 (Ala. 2006) (table).  The Alabama Court of Criminal Appeals entered a certificate of final judgment of affirmance on April 14, 2006. Summers filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama collaterally attacking his convictions and sentences on February 6, 2007. The trial court dismissed the petition, without a hearing, on March 18, 2008. Summers did not appeal the denial of his Rule 32 petition.

In his petition before this Court, filed May 15, 2008 (*see* Doc. 1, at 15), Summers raises the following grounds which he claims entitle him to relief:

(1) his indictment was invalid and void;

(2) the State failed to prove a prima facie case;

(3) the trial court did not have jurisdiction to impose a twenty-year sentence; and

(4) the trial court committed reversible error by charging the jury on kidnapping in the first degree when he was indicted for second-degree kidnapping.[1]

---

[1]	Petitioner's initial habeas complaint was filed on a form used by a different court. (*See* Doc. 1) Accordingly, this Court ordered Summers to file his complaint on this Court's form.

2

The respondent has admitted that petitioner has exhausted his state court remedies or that exhaustion would now be futile. (*See* Doc. 10, at 6-11) Respondent does claim, however, that this Court is procedurally barred from reaching the merits of all grounds of the petition and, alternatively, with respect to ground four of the petition relating to the jury instructions, that Summers has failed to establish that the state court's decision regarding this issue was contrary to federal law or an unreasonable application of the law to the facts of his case. This case is ripe for a decision by this Court.

This cause is before the Court on the petition, respondent's answer, with attachments, and the petitioner's traverse to the answer.[2] A careful review of the record has been completed and it is determined that it contains sufficient

---

(Doc. 3) Summers' corrected petition for writ of habeas corpus was received by the Court on June 16, 2008. (Doc. 4) Therein, Summers states as his sole ground for relief that the trial court was without jurisdiction to impose the twenty-year sentence because the indictment was void. (*Id*. at 7) Because the State addresses all claims raised by Summers in his initial complaint (*see* Doc. 10), this Court will do likewise. Moreover, with respect to petitioner's claims of ineffective assistance of trial and appellate counsel (and his claim that attempted sexual abuse in the first degree is not a lesser-included offense of attempted first-degree rape) set forth, for the first time, in his traverse to the respondent's answer (Doc. 12, at 2-3, 4-7 & 8-9)), the undersigned finds, *infra*, that this Court is procedurally barred from reaching the merits of these claims.

[2]       Petitioner seeks leave of the Court to amend his complaint. (Doc. 13) Summers seeks to amend his petition to assert several other instances of alleged ineffective assistance of trial counsel. However, because this Court is procedurally barred from reaching the merits of petitioner's previously-asserted claims of ineffective assistance of trial counsel, *see infra*, it is also procedurally barred from reaching the instances of ineffective assistance of trial counsel petitioner wishes to add. Accordingly, the motion to amend the complaint (Doc. 13) is **DENIED**.

3

facts upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required.

## FINDINGS OF FACT

1.      During the August 2004 session of the Mobile County Grand Jury, petitioner was charged, in separate indictments, with abducting "[the minor victim] with the intent to abuse her sexually, in violation of § 13A-6-44 of the Code of Alabama" and with "attempting to engage in sexual intercourse with [the minor victim], a female less than twelve years of age, in violation of § 13A-6-61(a)(3) of the Code of Alabama[.]" (*See* Doc. 10, Exhibit A, Indictments)

2.      During the trial, the minor victim testified that one morning in December of 2003 Summers told her that they were going to go to the store to get change so that they could buy a soft drink from the apartment vending machine but that when they got to the back of the apartment building he started dragging her into and through the woods. (T.T. 52–53) According to the victim, Summers told her that if she told "anybody" he would "kill" her. (T.T. 52) After reaching the woods, Donesky Diantonio Brown approached the two and asked Summers what he was doing (T.T. 110-113) and then ran after petitioner when he started to run away (T.T. 111 & 113). Brown eventually

4

cornered Summers; the two men struggled, with Brown knocking petitioner unconscious. (T.T. 113-114)

3.      The petit jury found Summers guilty of first-degree kidnapping and attempted sex abuse in the first degree. (T.T. 199)

4.      Summers was sentenced, on March 1, 2005, to twenty-years imprisonment for first-degree kidnapping and to a one-year concurrent term of imprisonment for attempted sexual abuse in the first degree. (Doc. 9, Exhibit A, Sentencing Transcript, at 8)

5.      Petitioner filed a direct appeal from his convictions and sentences in the Alabama Court of Criminal Appeals. (*See* Doc. 8, Exhibit B; *id.* at 3 ("THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY CHARGING THE JURY ON KIDNAPPING IN THE FIRST DEGREE WHEN THE INDICTMENT CHARGED THE APPELLANT WITH KIDNAPPING IN THE SECOND DEGREE)) That court affirmed Summers' convictions and sentences by memorandum opinion issued on November 18, 2005. *Summers v. State*, 954 So.2d 1143 (Ala.Crim.App. 2005) (table).

> The evidence tended to show that Summers was the live-in boyfriend of the victim's mother. The 10-year-old victim, K.M., testified that Summers had asked her if she wanted to walk with him to a soda machine behind their apartment, which she did. When they reached the soda machine, Summers told K.M. that they needed to go to the store to get change for his

five-dollar bill. As K.M. and Summers began walking behind the building, Summers dragged K.M. to the woods. First he dragged K.M. by her arm, but he later dragged her by her neck. She repeatedly told Summers to stop, K.M. testified, but Summers continued to drag her and he told her that he would kill her if she told anyone. A neighbor, Donesky Brown, saw Summers dragging the girl into the woods and he rushed to her aid. As Brown approached Summers, Summers fled and Brown chased him. Summers was apprehended and taken into custody. He told the police that K.M. had been showing him a shortcut through the woods when an unidentified man suddenly appeared and hit him; he said he ran from the man and left K.M. behind. K.M. suffered scratches on her body from being dragged, and the police observed scratches and marks on her throat.

Summers argues that the trial court erred to reversal when it charged the jury on kidnapping in the first degree because the indictment charged him with kidnapping in the second degree. The State argues that this issue is not properly before us because Summers failed to make his objection in a timely manner. We agree with the State.

The indictment charging Summers tracked the language of the first-degree kidnapping statute, but it contained the Alabama Code citation for second-degree kidnapping. The indictment charged that Summers "did abduct [K.M.] with the intent to abuse her sexually, in violation of § 13A-6-44 of the Code of Alabama." (C. 9.) The relevant portion of § 13A-6-43, charging first-degree kidnapping, states that a person commits this crime if he abducts another person with the intent to abuse the person sexually. Section 13A-6-44, charging second-degree kidnapping, states only that a person commits this crime "if he abducts another person." Summers did not object before trial; he did not object at the conclusion of the State's case; he did not object at the conclusion of the court's charge to the jury. Summers objected only after the jurors had begun their deliberations, after the jurors returned to ask the judge to repeat some of the jury instructions, and only after the judge repeated

6

some of the jury instructions. (R. 196-97.) At that time, the trial judge admonished the prosecutor for failing to proofread the indictment. "You allege kidnapping in the first degree, but you cite the wrong code section," the trial court stated. (R. 197.) The court noted Summers' objection and stated that "the language of the indictment charges kidnapping first." (R. 198.)

The State correctly argues that Summers' objection was untimely and that it failed to preserve for review the claim of error now raised. Rule 15.2(a), Ala.R.Crim.P., provides, "Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pre-trial motion as provided in Rule 15.3." Summers' objection to the incorrect code citation is not an allegation of a lack of subject matter jurisdiction or an allegation that the indictment fails to charge an offense; therefore, the objection now raised should have been raised before trial. Because Summers failed to timely object to the alleged defect, he preserved nothing for this Court to review.

Moreover, we note that, even if Summers had timely raised the objection, he would not be entitled to any relief. While the language of the indictment technically charged Summers with two offenses, both he and his counsel understood that he was being charged with kidnapping, first degree, and that the facts and evidence supported this charge. See Smith v. State, 777 So.2d 322, 324 (Ala.Crim.App. 2000). Alabama's appellate courts have repeatedly held that an incorrect code citation in a charging instrument is not fatal to the prosecution.

"Miscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage." State v. McKinney, 727 So.2d 893, 894 (Ala.Crim.App. 1998), quoting Ex parte Bush, 431 So.2d 563, 564 (Ala. 1983).

7

The trial court correctly determined that the miscitation of the code section in the indictment resulted in no prejudice to Summers, particularly because he failed to object until after he tried the entire case, made his arguments to the jury, and the jury had retired to deliberate. Even if Summers had made a timely objection, he would not have been entitled to any relief.

For the foregoing reasons, the judgment of the trial court is affirmed.

(Doc. 10, Exhibit D, at 1-3) Summers' application for rehearing (Doc. 10, Exhibit E) was overruled by the Alabama Court of Criminal appeals on December 9, 2005 (Doc. 10, Exhibit F). Summers' petition for writ of certiorari (Doc. 10, Exhibit G) was denied by the Alabama Supreme Court on April 14, 2006, *Ex parte Summers*, 976 So.2d 1060 (Ala. 2006) (table). On April 14, 2006, a certificate of final judgment of affirmance was entered by the Alabama Court of Criminal Appeals. (Doc. 10, Exhibit I)

6.      Summers filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama collaterally attacking his convictions and sentences on February 6, 2007. (*See* Doc. 10, Exhibit J (date Summers signed the petition)) In his Rule 32 petition, Summers asserted that he was deprived of his constitutional right to effective assistance of trial and appellate counsel and that the trial court was without jurisdiction to render judgment or impose sentence because attempted sexual abuse in the first degree is not a lesser-

included offense of attempted rape in the first degree. (Doc. 10, Exhibit J)

7.     On March 18, 2008, the trial court entered the following order

denying Summers' Rule 32 petition:

> Petitioner Sanwan Summers filed a motion for relief from conviction or sentence under Rule 32. Based on the pleadings and the record, of which the court takes judicial notice, the court orders that the petition be dismissed for failure to plead a right to relief, Rule 32.3, failure to plead allegations with specificity, Rule 32.6(b), failure to state a claim, Rule 32.7(d), and for having raised no material issue of fact or law[,] Rule 32.7(d).

> Petitioner was charged by indictment with attempted rape in the first degree under 13A-6-61(a)(3), for being a person 16 years of age or older and attempting to engage in sexual intercourse with a person who is less than 12 years [of] age; and with kidnapping first degree under 13A-6-43 for abducting the victim with the intent to abuse her sexually (although a typographical error in the indictment stated the code section erroneously as 13A-6-44).

> Following a trial by jury, at which he was represented by Attorney Claude Patton, the Petitioner was found guilty of attempted sexual abuse first degree and of kidnapping first degree.

> The court sentenced him to serve one year in prison for the conviction for [attempted] sexual abuse first degree and 20 years for the first degree kidnapping charge. The sentences were to be served concurrently to each other but consecutively to a sentence previously imposed for attempted theft first degree in CC04-1325.

> Arthur Clarke was appointed to represent Summers on appeal. He raised one issue: that the trial court erred in charging the jury on the offense of kidnapping first degree, because the

indictment, it is claimed, charged the defendant with kidnapping second degree. . . .

Summers' [Rule 32] petition raises three claims, first, that he received the ineffective assistance of appellate counsel, second, that he received the ineffective assistance of trial counsel and third, that the court was without jurisdiction to render judgment or impose sentence.

Petitioner claims that appellate counsel was ineffective because he failed to raise on appeal the trial court's ruling on the admissibility of evidence of the sexual abuse of another victim by Summers. The evidence was allowed under Rule 404(b), Ala.R.Evid. The judge gave a limiting instruction. Such evidence is admissible to show motive, modus operandi, preparation, plan, intent and other matters not relevant to character so long as its probative value outweighs the risk of prejudice. This is true of offenses involving sexual abuse, as well.

Not only was the evidence relevant to the issue of intent in light of the facts presented to the jury, but the court scrupulously instructed the jury to consider this evidence for limited purposes only. The failure to raise this issue on appeal does not meet the criteria for a claim of ineffective assistance of counsel under the standard of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984).

The petitioner claims appellate counsel should have appealed the denial of the motion for judgment of acquittal at the close of the State's case. This claim is utterly without merit inasmuch as there was both direct and circumstantial evidence presented at trial of both offenses charged. The questions of fact were submitted to the jury which reconciled all doubts and all evidence by their verdicts of guilty of the offenses of kidnapping first degree and attempted sexual abuse first degree.

Petitioner claims his trial counsel was ineffective because

he did not have sufficient time to prepare to cross examine the 404(b) witness. However, the Petitioner has the burden under Rule 32.3 and 32.6 to plead his claims with specificity, particularly claims under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). This claim is not properly pled and is without merit.

Petitioner claims his trial counsel was ineffective because he failed to seek dismissal of the charge of kidnapping first degree on the ground that the wrong code section was cited in the indictment. As the Court of Criminal Appeals noted in its memorandum opinion, the miscitation was not prejudicial. This claim is therefore without merit.

Petitioner complains that trial counsel erred in stating to the court during the jury charge conference that sexual abuse is a lesser included charge of rape, thus allowing a finding of guilt of the lesser included offense of attempted sexual abuse. This claim is without merit inasmuch as the charge of sexual abuse first is a lesser included offense and the submission of this charge was a strategy that obtained the defendant's acquittal of the greater charge, a felony, resulting in a verdict of guilt for a lesser charge, attempted sexual abuse first, which is a misdemeanor.

The claim that trial counsel was ineffective for [failing to] object[] to the "moral certainty" language in the charge is also without merit inasmuch as the language is part of the charge in cases of circumstantial evidence, and while not essential or constitutionally mandated, is a charge that favors the defense. Ex parte Carter, 889 So.2d 528 (Ala. 2004). In this regard, the petitioner has failed to plead error and prejudice with specificity.

Petitioner's last claim is that the court was without jurisdiction to render judgment or impose sentence because the offense of attempted sexual abuse first degree is not a lesser included offense of the offense of attempted rape first degree. Sexual abuse may be a lesser included offense of rape . . . so

11

long as there is a reasonable theory from the evidence to support such a charge. <u>Boyd v. State</u>, 699 So.2d 967 (Ala.Crim.App. 1997). This claim is utterly without merit.

Accordingly, the petition is dismissed for failure [to] plead a right to relief, Rule 32.3, failure to plead allegations with specificity, Rule 32.6(b), failure to state a claim, Rule 32.7(d), and for having raised no material issue of fact or law[,] Rule 32.7(d).

(Doc. 10, Exhibit L (some internal citations omitted)) Petitioner did not appeal the trial court's denial of his Rule 32 petition to the Alabama Court of Criminal Appeals. Instead, Summers filed the instant habeas corpus petition, collaterally attacking his convictions and sentences, in this Court on May 15, 2008. (*See* Doc. 1, at 15)

## <u>CONCLUSIONS OF LAW</u>

### A.     <u>Procedural Default Doctrine</u>.

1.     In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated that it would "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729, 111 S.Ct. at 2553-2554. This rule applies whether the state law ground is procedural or substantive. *Id.* at 729, 111 S.Ct. at 2554. The doctrine applies to bar federal habeas review

12

when a state court declines to address a petitioner's federal claims because the petitioner fails to meet a state procedural requirement. *Id*. at 729-730, 111 S.Ct. at 2554; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (federal courts must honor legitimate state trial and appellate procedural rules when enforced by state courts and must decline to review on the merits claims that the state treats as barred absent a showing of cause for non-compliance with such rules and resulting prejudice); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."), *cert. denied sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554 (citations omitted).

     2.    The application of the independent and adequate state ground doctrine in the habeas context is grounded in concerns of federalism and comity. *Id.*

> Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Id.* at 730-731, 111 S.Ct. at 2554.

3.      An additional consideration comes to the fore when the independent and adequate state ground supporting a petitioner's custody is a state procedural default. *Id*. at 731, 111 S.Ct. at 2554. The Supreme Court has long held

> that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.   (citations omitted)   This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.
>
> .      .      .
>
> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.  A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him. (citations omitted)   In the absence of the

14

> independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.* at 731, 732, 111 S.Ct. at 2554-2555, 2555.

4.      In the habeas context, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Id.* at 735, 111 S.Ct. at 2557 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041, 103 S.Ct. 3469, 3476-3477, 77 L.Ed.2d 1201 (1983)); *see Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."). In all other cases, the presumption is not applicable. *See Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559. In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that the *Harris v. Reed* presumption is

15

inapplicable to a claim that is never presented to the state courts. *Id*. at 299, 109 S.Ct. at 1069 ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). Moreover, the presumption "looks through" unexplained orders to the last reasoned decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991).

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*, 501 U.S., at 740, 111 S.Ct., at 2559, we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

501 U.S. at 803, 111 S.Ct. at 2594. Also, the presumption may not be applied in cases in which the state court opinion did not, at a minimum, discuss the federal grounds at issue." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("*Coleman* and *Ylst* lead us to conclude that we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules

16

and reached the merits of this case. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar."). Finally, "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *Alderman v. Zant, supra*, 22 F.3d at 1549.

5.     When a petitioner has procedurally defaulted a claim, a federal court is barred from reaching the merits of that claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565. The cause and prejudice standard applies "uniformly to all independent and adequate state procedural defaults." *Id.* at 750-751, 111 S.Ct. at 2565.

> In procedural default cases, the cause standard requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court. (citation omitted). Objective factors that constitute cause include "'interference by officials'" that makes compliance with the state's procedural rule impracticable, and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." (citation

omitted). In addition, constitutionally "[i]neffective assistance of counsel . . . is cause." (citation omitted). Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. (citation omitted). Once the petitioner has established cause, he must show "'actual prejudice' resulting from the errors of which he complains." (citation omitted).

Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice. (citation omitted).

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

6. In his answer, respondent asserts that the first three claims Summers raised in the instant petition (i.e., his claims that the indictment was invalid, that the State failed to prove a prima facie case, and that the trial court did not have jurisdiction to impose his twenty-year sentence) are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("[I]n order to exhaust state remedies as to a federal constitutional issue a prisoner is required to file a petition for discretionary

review in the state's highest court raising that issue, if discretionary review is part of the appellate procedure in the state.") due to petitioner's failure to exhaust those claims fully in Alabama's appellate courts (*see* Doc. 10, at 6-9 & 14-15).[3] In addition, respondent contends that this Court is procedurally barred from reaching the merits of petitioner's jury instruction claim because the Alabama Court of Criminal Appeals found this claim defaulted pursuant to Rule 15.2(a) of the Alabama Rules of Criminal Procedure due to Summers' failure to timely object to the defect in the indictment.

　　7.　　It is clear to the undersigned that Summers has procedurally defaulted all claims raised by petitioner herein, save for his jury instruction claim,[4] for the reason previously identified. More specifically, petitioner did not appeal the denial of his Rule 32 petition to Alabama's appellate courts and, therefore, did not exhaust his ineffective assistance of counsel claims or his claims that the indictment was void, that the State failed to prove a prima facie

---

[3]　　In his traverse in response to the respondent's answer, Summers appears to argue that two of the claims he is raising in this Court are ineffective assistance of trial and appellate counsel and insufficiency of the evidence. (*See* Doc. 12) It is clear to the undersigned that this Court is procedurally barred from reaching the merits of these two claims for the same reason it is barred from reaching the merits of three of petitioner's other claims and this is because Summers did not exhaust these claims in Alabama's appellate courts. *See Boerckel, supra.*

[4]　　While the Alabama Court of Criminal Appeals indicated that Summers defaulted his jury-instruction claim due to his failure to timely object to the defect in the indictment, it alternatively addressed the merits of this claim and, therefore, the undersigned will review that court's merits-review of this issue.

case, that the state court lacked jurisdiction to impose his twenty-year sentence, and that the state court was without jurisdiction to render or impose sentence because attempted sexual abuse in the first degree is not a lesser included offense of attempted rape in the first degree.[5] *See Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("[T]here is no doubt that Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002). Thus, this Court is procedurally defaulted from reaching the merits of these claim pursuant to *Boerckel, supra,* 526 U.S. at 848, 119 S.Ct. at 1734 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented unless claims and, therefore, has procedurally defaulted same), unless petitioner can establish that the cause and prejudice or fundamental miscarriage of justice exception apply, *Smith, supra*, 256 F.3d at 1138.

    8.    Turning to the issue of cause and prejudice, this Court finds that petitioner has met neither prong of the standard. Summers was certainly aware of respondent's position that he had procedurally defaulted most of his claims

---

[5]    Petitioner challenged the State's alleged failure to prove a prima facie case and the alleged invalidity of the indictment within the context of his ineffective assistance of trial and appellate counsel claims; he raised the arguments challenging the trial court's jurisdiction to sentence him separately. (*See* Doc. 10, Exhibit J)

(*see* Doc. 12, at 1 ("Petitioner submits that pursuant to the provisions of the aforesaid answer, the respondent[] [has] not established sufficient cause for Petitioner's detention and writ of Habeas Corpus should be issued, discharging him forthwith from the custody of the Respondent[].")), yet his traverse to the answer does not address either prong; therefore, it is found that the cause and prejudice exception to the procedural default doctrine is not applicable in this case. *See Macklin v. Singletary*, 24 F.3d 1307, 1313 (11th Cir. 1994) (in abuse of the writ case, appellate court suggests that habeas courts need perform no analysis when the petitioner fails to argue an exception to application of the doctrine), *cert. denied*, 513 U.S. 1160, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995); *Tower v. Phillips*, *supra*, 7 F.3d at 211 (court addressed only the single cause argument proffered by the petitioner).

9.    The fundamental miscarriage of justice/actual innocence exception does not apply in this case because petitioner has not satisfied the *Murray v. Carrier* standard. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Summers to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 477 U.S. at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of

constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id*. at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Summers has not come forward with any evidence which establishes his actual innocence and thereby undermines his first-degree kidnapping or attempted sexual abuse in the first-degree convictions. Accordingly, this case is not one of those rare cases in which the actual innocence exception is applicable.

### B. Merits Discussion of Direct Appeal Claim.

10. Summers filed his petition for writ of habeas corpus relief in this Court on or about May 15, 2008, and therefore, his case is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518, 146 L.Ed.2d 389 (2000); *Bottoson v. Moore*, 234 F.3d 526, 530 (11th Cir. 2000), *cert. denied*, 534 U.S. 956, 122 S.Ct. 357, 151 L.Ed.2d 270 (2001). As amended, § 2254 now provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[6]

28 U.S.C. § 2254(d)(1) & (2) (footnote added). Moreover, the Act, as amended, presumes as correct all determinations of factual issues made by a State court and places the burden upon the petitioner of rebutting such a presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e).

11.    In *Williams v. Taylor, supra*, the Supreme Court held that § 2254(d)(1) places a new constraint on the power of a federal habeas court to

---

[6]      Based upon the facts as found by the Alabama Court of Criminal Appeals in its decision, it is clear that no argument can be made that the decision of the Alabama Court of Criminal Appeals was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts.  More to the point, since this Court must presume as correct the determinations of all factual issues made by the Alabama Court of Criminal Appeals, petitioner simply cannot rebut that presumption of correctness by clear and convincing evidence. The appellate court's findings are based upon what a reasonable jury could have found the evidence to be.

grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied— the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 412-413, 120 S.Ct. at 1523; *see Bottoson, supra*, 234 F.3d at 531 ("In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to

a new context where it should apply.'").

12.     In this case, the Alabama Court of Criminal Appeals reached the merits of petitioner's claim that the trial court erred in charging the jury on kidnapping in the first degree since the indictment charged him with second-degree kidnapping. Alabama's appellate court reached the merits of this claim by finding that an incorrect citation to a code section in an indictment does not void that indictment when same tracks the language of another code section and the defendant and his attorney were aware of the charge to be defended against. Summers cannot establish his entitlement to relief under § 2254(d)(1) & (d)(2) with respect to this issue. In this regard, the undersigned notes generally that petitioner has not and cannot show, under the "contrary to" clause, that the Alabama Court of Criminal Appeals, arrived at any conclusions opposite to those reached by the Supreme Court of the United States on any question of law or decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts. Moreover, as indicated above, under the "unreasonable application" clause, petitioner has not and cannot establish that the Alabama Court of Criminal Appeals, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts

in this case. Here, as aforesaid, the Alabama Court of Criminal Appeals, in its

decision on collateral review, approached this issue by first determining

whether the indictment was fatally defective and, upon finding it was not

defective, found no error with respect to the charge to the jury.

> A federal district court's review of a claim attacking the sufficiency of an indictment is limited to considering the adequacy of the notice afforded a petitioner through the state procedures. The Due Process Clause of the Fourteenth Amendment requires that whatever charging method the State chooses to employ, it must give the criminal defendant fair notice of the charge against him to permit adequate preparation of his defense. *Jackson v. Virginia*, 443 U.S. 307, 314 (1979); *Faretta v. California*, 422 U.S. 806, 818 (1975).[7] However, "[t]he sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction. *DeBenedictis v. Wainwright*, 674 F.2d 841 (11th Cir. 1982)." *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989); *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980) ("[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction.").

*Waters v. Jones,* 2008 WL 1924986, *5 (M.D. Ala. 2008) (footnote added).

While the Alabama Court of Criminal Appeals did not mention *Jackson* or

*Faretta* in its analysis of the indictment returned against Summers, recognition

by the appellate court of the proper analysis is clear from the entirety of its

---

[7]        "An accused has a constitutional right to an indictment which puts him on notice of the case the prosecution will present at trial."   *Thompson v. Nagle*, 118 F.3d 1442 (11th Cir. 1997), *cert. denied*, 522 U.S. 1125, 118 S.Ct. 1071, 140 L.Ed.2d 130 (1998).

discussion of this issue. (*See* Doc. 10, Exhibit D, at 3 ("Summers' objection to the incorrect code citation is not an allegation of a lack of subject matter jurisdiction[.] . . . While the language of the indictment technically charged Summers with two offenses, both he and his counsel understood that he was being charged with kidnapping, first degree, and that the facts and evidence supported this charge. . . . 'Miscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage.'"))[8] Therefore, the undersigned simply cannot find that the state court adjudication was contrary to such law nor can

---

[8]       A review of the one indictment issued against Summers demonstrates that it tracked the language of the first-degree rape statute, *compare* Ala.Code § 13A-6-43(a)(4) ("A person commits the crime of kidnapping in the first degree if he abducts another person with intent to . . . violate or abuse him sexually[.]") *with* INDICTMENT (charging Summers with kidnapping the"[ minor victim] with the intent to abuse her sexually, in violation of § 13A-6-44 of the Code of Alabama"), yet made specific reference to the second-degree kidnapping statute, *see* Ala.Code § 13A-6-44(a) ("A person commits the crime of kidnapping in the second degree if he abducts another person.").  The undersigned agrees with the Alabama Court of Criminal Appeals that petitioner and his counsel were on notice that the charge lodged against him was first-degree kidnapping so as to allow preparation of an adequate defense. In other words, though the indictment referenced § 13A-6-44 it tracked the language of § 13A-6-43(a)(4), thereby clearly informing Summers of the specific offense for which he was charged and would need to defend against. To suggest otherwise stretches the limits of interpretation particularly in light of the fact that the defendant waited until after presentation of all evidence, and the jury had retired to deliberate, to raise the issue. The alleged defect was raised only when the jury returned to the courtroom and requested further instruction from the trial court. Based upon the foregoing, the undersigned finds that the indictment was not so defective that the Circuit Court of Mobile County, Alabama had no jurisdiction. Because the indictment was not fatally defective, the trial court did not err in charging the jury on kidnapping in the first degree.

it be found that the state court unreasonably applied relevant precedent. Moreover, it is not debatable among reasonable jurists that the result of which petitioner complains is incorrect. Stated differently, it is not debatable among reasonable jurists that the appellate court's rejection of petitioner's indictment and jury charge arguments is inherently incorrect.

## **CONCLUSION**

The Magistrate Judge is of the opinion that petitioner's rights were not violated in this cause and that his request for habeas corpus relief should be denied.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation

of the Magistrate Judge.

**DONE** this the 14th day of August, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      _s/WILLIAM E. CASSADY_____
      UNITED STATES MAGISTRATE JUDGE